```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION


CITIFINANCIAL, INC.                                       PLAINTIFF


VS.                                      CIVIL ACTION NO. 4:06CV4LR


MARY JANE FARMER AND MARILYN FARMER                      DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff CitiFinancial, Inc. for summary judgment on its complaint to compel arbitration pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 4.  Defendants have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

In November 2000, defendant Marilyn Farmer obtained a $43,816.65 loan from CitiFinancial of Mississippi, Inc. n/k/a CitiFinancial, Inc., in connection with which she signed a Disclosure Statement, Note and Security Agreement which included an arbitration provision.  Her mother, defendant Mary Jane Farmer, agreed to provide collateral for the loan and signed the agreement as a nonobligor, binding herself to the terms thereto.

Pursuant to the arbitration provision, defendants agreed to arbitrate "any Claim" against the lender and its successors, the term "claim" being broadly defined to include "anything that

concerns . . . [t]his provision; [a]ny past, present, or future Credit Transaction; [a]ny past, present, or future insurance, service, or product that is offered in connection with a Credit Transaction; [a]ny documents or instruments about any Credit Transactions, insurance, service, or product; or [a]ny act or omission by any of Us regarding any Claim." The agreement excluded certain matters from the definition of "claims," including "[a]ny action to effect a foreclosure to transfer to title to the property being foreclosed; or [a]ny matter where all parties seek monetary damages in the aggregate of $15,000.00 or less. . . ."

According to its allegations in a suit subsequently brought by CitiFinancial in the Chancery Court of Noxubee County, Mississippi, at some point after execution of the loan documents and deed of trust by Mary Jane Farmer, it realized that the document describing the property securing the loan, which was supposed to have been attached as Exhibit A to the deed of trust, was missing. Therefore, in March 2005, CitiFinancial brought the Chancery Court action seeking to reform the deed of trust to include the description of certain real property which it contended secured the loan.

Marilyn Farmer and Mary Jane Farmer answered CitiFinancial's complaint, denying there had ever been an agreement that any specific property would secure the subject loan. On the contrary,

according to the defendants, CitiFinancial had represented to them that it would conduct an appraisal of the property owned by Mary Jane Farmer and would then discuss with them how much and what specific portions of the property might be used to secure the loan. They charged that, in fact, contrary to its representations, CitiFinancial never conducted such an appraisal and never again discussed with defendants what property would be used to secure the loan, and on the basis of this allegation, they filed a counterclaim against CitiFinancial asserting claims for misrepresentation, fraud and intentional infliction of emotional distress.

   CitiFinancial filed its answer to the counterclaim in which it denied defendants' allegations, and asserted a number of defenses, included among which was that defendants were bound to arbitrate their claim according to the terms of the arbitration agreement. It subsequently filed the present action to compel arbitration.

   In response to CitiFinancial's motion for summary judgment, defendants do not deny that their agreement contains a valid arbitration agreement which covers the dispute. They contend, however, that CitiFinancial has explicitly waived its right to compel arbitration by initiating the underlying litigation in the Chancery Court of Noxubee County, and implicitly by its lengthy delay (eight months) in asserting its right to arbitration after

3

receiving plaintiff's counterclaim. In the court's opinion, neither circumstance supports a finding of waiver.

On the subject of waiver, the Fifth Circuit has observed:

> "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir. 1986). In general, we hesitate to find that a party has waived its contractual right to arbitration. Accordingly, we indulge a presumption against finding waiver. A party asserting waiver thus bears a heavy burden of proof in its quest to show that an opponent has waived a contractual right to arbitrate.

Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991). "The Fifth Circuit has held that a party only invokes the judicial process where it litigates a specific claim it subsequently seeks to arbitrate," Fidelity Nat. Corp. v. Blakely, 305 F. Supp. 2d 639, 642 (S.D. Miss. 2003) (citing Subway Equipt. Leasing Corp. v. Forte, 169 F.3d 324, 328 (5th Cir. 1999)), and has further explained that to be found to have "invoked the judicial process," a party must "at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004).

Here, as CitiFinancial correctly observes, the fact that it brought an action in the Chancery Court to reform the deed of trust is not a manifestation of an intention on its part to litigate defendants' counterclaim against it. See Blakely, 305 F. Supp. 2d at 642 (finding no waiver where the plaintiff, though

4

filing suit in state court for collection of loan, "ha[d] never attempted to litigate the subject of defendants' counterclaim").

Moreover, defendants have not undertaken to show what, if anything, they contend CitiFinancial has done that could otherwise be characterized as "substantially invoking the judicial process." They simply point to the eight-month delay between the filing of their counterclaim and CitiFinancial's bringing its motion to compel and declare on the basis of that delay that there has been a waiver. They have presented no proof or argument as to what occurred in that eight-month period, i.e., what actions, if any, CitiFinancial may have taken to "litigate" the counterclaim, nor have they so much as suggested how they have been prejudiced by or suffered detriment as a result of CitiFinancial's conduct. See Subway Equipt. Leasing Corp., 169 F.3d at 328 ("[P]rejudice . . . refers to the inherent unfairness-in terms of delay, expense, or damage to a party's legal position-that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue."). Accordingly, there is no valid basis for finding a waiver by CitiFinancial of its right to compel arbitration, and because it has sustained its burden to prove that a valid arbitration agreement covers defendants' counterclaim, its motion will be granted.

Based on the foregoing, it is ordered that CitiFinancial's motion for summary judgment is granted. Based on this grant of

5

summary judgment, it is further ordered that arbitration is compelled in the underlying suit regarding defendants' claims. Finally, in order to protect or effectuate its judgment in this regard, it is ordered that the claims of these defendants against CitiFinancial in the underlying litigation be stayed pending arbitration.

    SO ORDERED this the 9th day of May, 2006.

                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE